**CLOSED CIVIL CASE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 08-60159-CIV-GRAHAM/O'SULLIVAN

JULIO BARRETO,

    Plaintiff,

v.

DAVIE MARKETPLACE, LLC,
d/b/a FOODTOWN, and
ESMAIL MOBARAK,

    Defendants.
_____/

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case involves the interpretation of a provision of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* The FLSA requires employers to pay employees "engaged in commerce or in the production of commerce" overtime when the employee works more than forty hours in a week. 29 U.S.C. §207(a)(1). However, an exemption from the overtime pay requirement exists for employees in a "bona fide executive, administrative, or professional capacity," as defined by the regulations of the Secretary of Labor. 29 U.S.C. §213(a)(1).

This action was tried before the Court, sitting without a jury on January 6, 2010. This Court having heard testimony of the witnesses and argument of counsel, having

reviewed the documentary evidence and exhibits, and having considered the parties' motions and memorandums of law, makes the following findings of fact and conclusions of law. For the reasons set forth below, the Court finds that the Plaintiff was an executive pursuant to the FLSA exemptions and is therefore exempt from the FLSA overtime requirements. As such, the Court finds in favor of the Defendant for the Plaintiff's unpaid overtime compensation claim. The findings of fact as set forth below are based on the evidence submitted at the trial.

I. **Findings of Fact**

Hired during the last week October 2007, Plaintiff worked as manager of the produce department at the Defendant's supermarket from November, 2007 through the third week of January, 2008. During the period of Plaintiff's employment with the Defendants, Plaintiff was paid a flat rate of $500.00 per week. Plaintiff supervised at least four full-time employees during his employment. Plaintiff was responsible for managing the work flow of the produce department, as well as directing the tasks of the other employees. Plaintiff was given discretion in the hiring and firing of produce department employees. Plaintiff was

responsible for adjusting the work schedule of produce department employees. Plaintiff had discretionary power in the purchasing of produce product from vendors and was responsible for setting prices of products in the department. Plaintiff also had discretion to make changes in the produce product prices in order to meet expected profit goals. In addition to supervision of employees, Plaintiff performed the same duties as shift employees in the produce department. Plaintiff regularly worked in excess of forty hours per workweek.

## II. Conclusions of Law

This action consists of Plaintiff's claim against Defendants for unpaid, overtime compensation and liquidated damages pursuant to the FLSA for the time period that he was employed by Defendants as a produce manager. Defendants assert that the Plaintiff's job duties satisfy an exemption for executive employees under the FLSA. The jurisdiction of this Court is based on original jurisdiction over Plaintiff's claim arising under the FLSA pursuant to 28 U.S.C. § 1331.

The FLSA requires an employer to pay its employees overtime compensation of at least one-and-one-half the usual

rate of pay if an employee works more that forty hours in a workweek. 29 C.F.R. §207(a)(1). It is clear from the evidence introduced at trial that Plaintiff worked in excess of forty hours per workweek. As such, Section 207 requires that Defendants compensate Plaintiff by paying him one-and-one-half times his regular rate at which he was employed. Id. However, the FLSA exempts employees working in several categories from the statute's overtime provisions as enumerated in the FLSA. See 29 C.F.R.§ 213. Section 213(a)(1) provides that Section 207 shall not apply with respect to any employee employed in a bona fide executive, administrative, or professional capacity. 29 U.S.C. §213(a)(1). Defendants assert that Plaintiff is exempt from overtime compensation pursuant to this provision.

29 U.S.C. §541.100 provides the following:

(a) The term "employee employed in a bona fide executive capacity" in section (13)(a)(1) of the Act shall mean any employee:
(1) Compensated on a salary basis at a rate of not less than $455 per week...exclusive of board, lodging or other facilities;
(2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
(3) Who customarily and regularly directs the work of two or more other employees; and
(4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the

hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

The parties do not dispute that Plaintiff was paid on a salary basis of not less than $455 per week, thus satisfying the first element of the executive capacity exemption.

The Defendant still has the burden of establishing the remaining three elements. See <u>Birdwell v. City of Gasden</u>, 970 F.2d 802, 805 (11th Cir. 1992)(stating that the employer bears the burden of proving the applicability of an exemption to Section 207 by "clear and affirmative evidence"). Defendant must also prove the second element to establish executive exemption, that Plaintiff's primary duty was management of the enterprise in which he was employed or of a customarily recognized department or subdivision of the enterprise. 29 U.S.C. §541.100(a)(2). The statute defines management to include, but not be limited to, so of the following activities:

> "...directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status...planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery,

equipment or tools to be used or merchandise to be bought, stocked, or sold..."

29 U.S.C. §541.102. While it is clear that Plaintiff did not have the primary duty of management over the entire supermarket, the evidence suggests that Plaintiff did have the primary duty of management over the produce department of Davie Marketplace. Davie Marketplace had several customarily recognized departments, one of which was its produce department. This department was not of a temporary nature. Rather it had a permanent status within the supermarket and a continuing and permanent function. As Manager of the produce department, Plaintiff's primary responsibility was to manage this department and ensure that it was run properly, efficiently, and to register a profit for the produce department. Specifically, Plaintiff was responsible for directing the work of at least four full-time employees by communicating their job functions and responsibilities. This would include directing employees to refill empty produce, product placement and prioritizing employee assignments. Plaintiff testified that he performed many of the same duties as shift produce employees. However, Plaintiff also testified that while he would assist one additional employee in

unloading produce during receiving, he wrapped produce because no one else knew how. Further, Plaintiff testified that although employees knew what to do, he would have to give them direction and tell them to do things right because he would be scolded by the store manager if things in the department were not correct. Plaintiff testified that the store manager would communicate directly to him and he would thereafter communicate the same to the produce employees. Additionally, Plaintiff regularly ordered produce product, negotiated prices of produce product with vendors and selected at least three vendors to be used. Plaintiff testified that no other produce employee knew how to order produce products. Plaintiff testified that after the first week of working as a manager he was responsible for setting the prices of produce product but did it wrong. Plaintiff also determined which items would be featured for weekly sales. Plaintiff testified that he was told that he was responsible for earning a profit in the produce department. These responsibilities, in combination with Plaintiff's other responsibilities, constitute his principal duties. After considering evidence regarding the amount of time Plaintiff spent on these exempt managerial duties, the Court finds that

Plaintiff's primary duty in accordance with 29 U.S.C. §541.700 was the "management" of the Davie Marketplace's produce department.

The third element that Defendant must prove is that Plaintiff regularly directed the work of two or more other employees. 29 U.S.C. §541.100(a)(3). In order to satisfy this element, Plaintiff must have supervised at least two or more full-time employees or the equivalent. 29 U.S.C. §541.104. Trial testimony indicated that Plaintiff was responsible for directing employees and assigning daily work assignments. Additionally, Plaintiff was responsible for making sure that the produce department ran smoothly. If the store manager had a complaint regarding the produce department, it was communicated solely to Plaintiff who was then responsible for the correction or directing the employees on how to handle the situation. Plaintiff was the first line of communication between the store manager and the produce employees if there was a problem with the produce department. There is sufficient evidence to show that Plaintiff directly supervised two or more full-time employees, thus satisfying the third element of the executive capacity exemption.

The final element that Defendant must prove is that Plaintiff had the authority to hire or fire other employees, or that Plaintiff's suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change in status of other employees were given particular weight. 29 U.S.C. §541.100(a)(4). The FLSA provides a list of factors for consideration when determining whether this element has been satisfied. These factors are not exhaustive, and they include "whether it is part of the employee's job duties to make such suggestions and recommendations; the frequency with which such suggestions and recommendations are made or requested; and the frequency with which the employee's suggestions and recommendations are relied upon." 29 U.S.C. §541.105. Trial testimony indicated that Plaintiff fired a produce department employee, "Javier." In addition, Johanna Perez, who was also supervised by Plaintiff in the produce department, testified that she was both hired and fired by him. Moreover, Plaintiff testified that he was told by the store manager to cut employees or to cut their hours because the department was not making a profit. Plaintiff decided to gather the produce employees together and adjust the work schedule, reducing the number of hours each employee worked,

as to avoid cutting employees. Plaintiff's hours increased to cover the reduction in the other employee's hours. Furthermore, Plaintiff was responsible for preparing the produce employee work schedule. The evidence indicated that Plaintiff exercised his authority to hire and/or fire produce department employees during his employment with Davie Marketplace. Accordingly, the Defendant has satisfied the fourth element of the executive capacity FLSA exemption.

According to the evidence presented at trial, the Defendant satisfied all necessary elements of the FLSA's executive capacity exemption, by clear and affirmative evidence.

Upon finding that an employer violated the FLSA overtime compensation provision, a district court must award a plaintiff liquidated damages that are equal in amount to actual damages pursuant to Section 216(b) of the FLSA. Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259 (11th Cir. 2008). Here, the Court finds that the Plaintiff was exempt from the overtime compensation requirements of the FLSA by way of the executive employee exemption. As such, the Plaintiff's claim for liquidated damages is **DENIED**.

III.     **CONCLUSION**

Based upon the foregoing, it is

**ORDERED AND ADJUDGED** that the Clerk of the Court be **DIRECTED** to enter judgment in favor of the Defendant and against the Plaintiff, on Plaintiff's claim for unpaid overtime compensation and liquidated damages. It is further

**ORDERED AND ADJUDGED** that Julio Barreto shall take nothing by this action and shall go hence without delay. It is further

**ORDERED AND ADJUDGED** that any of the foregoing conclusions of law which may represent findings of fact are adopted as findings of fact. In addition, it is

**ORDERED AND ADJUDGED** that this case is **CLOSED** for administrative purposes and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of February, 2010.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:    Counsel of Record

-11-